UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

HONORIO E. SOLORZANO
and other similarly-situated individuals,

    Plaintiff,

v.

EMC BUILDERS, L.L.C.,
CRISTOBAL NARVAEZ,
and MARIA FERNANDEZ, individually

    Defendants.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff HONORIO E. SOLORZANO, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants EMC BUILDERS, L.L.C., CRISTOBAL NARVAEZ and MARIA FERNANDEZ, individually and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff HONORIO E. SOLORZANO was a resident of Miami, Florida, and at the time relevant to this complaint worked in the Miami-Dade County area, and is within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant EMC BUILDERS, L.L.C. (hereinafter, EMC BUILDERS, or Defendant) is a Florida corporation which has its place of business and performed business in Miami-Dade County within the jurisdiction of this Court.  At all times material hereto Defendant was and is engaged in interstate commerce.

4. The individual Defendants CRISTOBAL NARVAEZ and MARIA FERNANDEZ were and are now, owners/partners/managers of Defendant Corporation EMC BUILDERS.

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff HONORIO E. SOLORZANO as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and  former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after January 2016, (the "material time") without being compensated overtime wages pursuant to the FLSA.  Corporate Defendant EMC BUILDERS provides construction services to commercial and residential accounts in the area of Miami-Dade County.

7. Defendants EMC BUILDERS CRISTOBAL NARVAEZ and MARIA FERNANDEZ employed Plaintiff HONORIO E. SOLORZANO as a construction worker from approximately January 15, 2016 through March 26, 2016, or 10 weeks.

8. Plaintiff was an hourly employee.  Upon information and belief, Plaintiff's regular rate was $13.50 an hour.

9. While employed by Defendants Plaintiff worked consistently a minimum of 63 hours every week. Plaintiff reported working from Monday to Saturday from 7:00 AM to 6:00 PM which represented 11 hours daily, and 63 working hours per week. (Plaintiff has deducted 0.5 hrs. x 6 days=3 hours of lunch break),

10. However, Plaintiff was not paid for all his overtime hours at the rate of time and a half his regular rate. Plaintiff was paid for an average of 40 hours per week or $540.00

11. Therefore, Defendants failed to pay Plaintiff, and other similarly situated employees overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

12. Defendants did not maintain any time-keeping method, and Plaintiff was paid weekly with checks, without any paystub providing basic information regarding hours worked, wage rate, employment taxes, etc.

13. On or about March 26, 2016, Plaintiff suffered a work-related injury that required medical attention, Defendants did not provide Plaintiff with any assistance and fired him the next day.

14. Plaintiff intends to recover overtime payment for every hour in excess of 40 that he worked during his employment with Defendants and any other relief as allowable by law.

15. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>

## **FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17. This action is brought by Plaintiff HONORIO E. SOLORZANO and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate, not less than one and a half times the regular rate at which he is employed."

18. The employer EMC BUILDERS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a construction company, and subcontractor of Lennar Homes USA, a developer who caters to customers from out of state and to customers from other Countries. Defendant EMC BUILDERS is a construction company that participated in the construction of new residential communities. These residences were sold local and to out of state buyers. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue

of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is enterprise coverage.

19. Plaintiff was employed by an enterprise engage in interstate commerce and through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by working on new residences that were sold to local and foreign buyers. In addition, Plaintiff handled and worked on good and materials and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

20. Defendants EMC BUILDERS CRISTOBAL NARVAEZ and MARIA FERNANDEZ employed Plaintiff HONORIO E. SOLORZANO as a construction worker from approximately January 15, 2016 through March 26, 2016, or 10 weeks.

21. Plaintiff was a non-exempt hourly employee.  Upon information and belief, Plaintiff's regular rate was $13.50 an hour.  Plaintiff's overtime rate should be $20.25.

22. While employed by Defendants, Plaintiff worked more than 40 hours every week period. Plaintiff regularly worked from Monday to Friday an average of 63 (Sixty-Three) or more hours weekly.

23. Plaintiff worked consistently an average of 63 hours weekly. However, Plaintiff was not paid for all his overtime hours at the rate of time and a half his regular wage rate. Plaintiff was paid only for an average of 40 hours.

24. Plaintiff performed the same or similar duties as that of those other similarly-situated employees, whom Plaintiff observed worked in excess of 40 hours per week, but that were not paid overtime at the proper rate.

25. Defendants did not keep any time-keeping method to record Plaintiff's worked hours. Plaintiff was paid bi-weekly with checks without paystubs providing basic information regarding hours worked, wage rate, etc.

26. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. Nevertheless, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

27. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

28. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. Calculations are made based on weeks of 63 hours. After proper discovery, calculations will be adjusted accordingly.

    a. <u>Total amount of alleged unpaid wages</u>:

    Four Thousand Six Hundred Fifty-Seven Dollars and 50/100 ($4,657.50)

    b. <u>Calculation of such wages</u>:

    Total relevant weeks of employment: 10 weeks
    Total number of hours worked: 63 hours weekly average
    Total number of overtime hours: 23 hours
    Total number of unpaid O/T hours: 23
    Regular wage rate: $13.50 an hour x 1.5 = $20.25 O/T rate

    $20.25 O/T x 23 hours = $465.75 weekly x 10 weeks = $4,657.50

    c. <u>Nature of wages (e.g. overtime or straight time)</u>:

    This amount represents the unpaid overtime hours.

29. At all times material hereto, the Employers/Defendants EMC BUILDERS failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed

services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff and others similarly situated at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

30. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

31. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

32. At the time mentioned, individual Defendants CRISTOBAL NARVAEZ and MARIA FERNANDEZ were and are now, the owners/partners/managers of Defendant Corporation EMC BUILDERS. Defendants CRISTOBAL NARVAEZ and MARIA FERNANDEZ were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of EMC BUILDERS in relation to its employees including Plaintiff and others similarly situated. Defendants CRISTOBAL NARVAEZ and MARIA FERNANDEZ had absolute operational and financial control of the business, and they are jointly liable for Plaintiff's damages.

33. Defendants EMC BUILDERS CRISTOBAL NARVAEZ and MARIA FERNANDEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff and other similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant EMC BUILDERS, as set forth above.

34. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HONORIO E. SOLORZANO and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff HONORIO E. SOLORZANO and other similarly-situated individuals, and against the Defendants EMC BUILDERS, CRISTOBAL NARVAEZ and MARIA FERNANDEZ on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff HONORIO E. SOLORZANO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff HONORIO E. SOLORZANO and those similarly-situated demand trial by jury of all issues triable as of right by jury.

DATED: October 13, 2016

                                          Respectfully submitted,

                                          By:  **/s/ Zandro E. Palma**
                                          ZANDRO E. PALMA, P.A.
                                          Florida Bar No.: 0024031
                                          9100 S. Dadeland Blvd.
                                          Suite 1500
                                          Miami, FL 33156
                                          Telephone: (305) 446-1500
                                          Facsimile:  (305) 446-1502
                                          zep@thepalmalawgroup.com
                                          *Attorney for Plaintiff*